FILED '08 JUN 04 18:33 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD EUGENE PIERCE,

        Petitioner,        Civil No. 08-641-CL

      v.                        REPORT AND
                                  RECOMMENDATION

J.E. THOMAS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and moves to proceed in forma pauperis (#1). Petitioner's Application (#1) is allowed. However, for the reasons set forth below, the petition should be denied without prejudice and this proceeding should be dismissed.

    Petitioner seeks to enjoin FCI Sheridan from "taking the electric cordless razors until all administrative proceedings and litigations are complete." Petition (#2) p. 3. Petitioner contends that "without the electric cordless

1 - REPORT AND RECOMMENDATION

razors, it will be a violation of my Eighth Amendment, cruel and unusual punishment." (sic) Id. Petitioner argues that "it is a health issue. There will be more spreading of Hepatitis C. M.A.R.S.A, and other diseases that accumulate." Id.

Petitioner alleges that he has until June 13, 2008 to send his razor home and that if he does not do so "there will be disciplinary action taken." Petition (#2), p. 4.

Federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986); see also, Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985); Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." Id. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. Id.

Petitioner argues "[T]here is not enough time to complete the Administrative Procedure Act before the deadline."

2 - REPORT AND RECOMMENDATION

Petition (#2), p. 4.

Although, in the past courts allowed actions to proceed despite a litigant's failure to exhaust administrative remedies, see, United Farmworkers v. Arizona, 669 F.2d 1249, 1253 (9th Cir. 1982), the "futility exception" was superceded by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which unequivocally mandates exhaustion of administrative remedies. Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000).

The Bureau of Prisons has established an administrative remedy procedure which through an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. See, 28 C.F.R. § 542 et seq.

Petitioner acknowledges that he has not exhausted available administrative remedies in this case. For all the sound policy reasons set forth in Ruviwat and the requirements of the PLRA, he should be required to do so.

Petitioner's Petition (#2) should be denied without prejudice to re-file after petitioner has exhausted administrative remedies with respect to his claim. This proceeding should be dismissed. Petitioner's Motion for appointment of counsel should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

3 - REPORT AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 3 day of June, 2008.

Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION